UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TONY E. MOORE,                    )
                                  )
                Petitioner,       )
                                  )
        v.                        )        No. 4:03CV364 FRB
                                  )
JENNIFER SACHSE,[1]               )
                                  )
                Respondent.       )

## MEMORANDUM AND ORDER

This cause is before the Court on Missouri state prisoner Tony E. Moore's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

On December 17, 1999, a jury in the Circuit Court of St. Louis County, Missouri, found petitioner guilty of one count of Assault First Degree and one count of Armed Criminal Action. Petitioner was sentenced as a persistent offender to concurrent terms of twenty-five years' and fifteen years' imprisonment, respectively. (Resp. Exh. C at 177-78.) On February 13, 2001, petitioner's conviction and sentence were summarily affirmed on

_____

[1]Petitioner is incarcerated at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. Inasmuch as James Purkett is Superintendent of ERDCC, he should be substituted for Jennifer Sachse as proper party respondent. Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

direct appeal. (Resp. Exhs. F, G.) Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied without an evidentiary hearing. (Resp. Exh. H.) On December 24, 2002, the Missouri Court of Appeals summarily affirmed the denial of post-conviction relief. (Resp. Exh. L.) The instant petition for writ of habeas corpus, signed and verified by petitioner on March 20, 2003, was filed in this Court on April 3, 2003, upon petitioner being granted leave to proceed in the cause in forma pauperis.

Petitioner is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. In the instant petition, petitioner raises five claims for relief:

1) That the trial court erred in denying his motion to suppress evidence inasmuch as such evidence was seized in violation of the Fourth Amendment;

2) That he received ineffective assistance of trial counsel in that standby counsel was not prepared to take over the trial when requested to do so by petitioner and the trial court;

3) That he received ineffective assistance of trial counsel during the pretrial stage of the proceedings inasmuch as counsel failed to procure critical evidence;

4) That he received ineffective assistance of direct appeal counsel in that counsel failed to brief and argue on appeal that the trial court committed plain error in denying petitioner relief on his motion for speedy trial; and

5) That he was denied due process in that the State failed to disclose evidence favorable to the petitioner.

In response, respondent argues that the claim raised in Ground 1 of the petition is not cognizable in a federal habeas proceeding and should be denied. Respondent further argues that the claims raised in Grounds 3, 4 and 5 are procedurally barred from federal habeas review inasmuch as petitioner failed to properly raise the claims in state court. Finally, respondent contends that the claim raised in Ground 2 is without merit and should be denied.

## I. Non-Cognizable Claim

In his first ground for relief, petitioner claims that physical evidence presented in the underlying criminal cause of action was unlawfully seized inasmuch as such evidence was obtained as a result of an illegal search of his home in violation of his Fourth Amendment rights, thus resulting in a unlawful conviction in violation of his due process rights.

A state prisoner is precluded from asserting a Fourth Amendment claim as a basis for federal habeas relief unless the petitioner can demonstrate that the state courts have not afforded the petitioner a full and fair opportunity to litigate the claim. Stone v. Powell, 428 U.S. 465, 494 (1976); Willett v. Lockhart, 37 F.3d 1265, 1270 (8th Cir. 1994) (en banc); Cortis v. Kenney, 995 F.2d 838, 841 (8th Cir. 1993). The Eighth Circuit has set forth a two-part test to determine whether a habeas petitioner has had an opportunity for a full and fair litigation of a Fourth Amendment claim in state courts. Willett, 37 F.3d at 1273. A Fourth

Amendment claim is barred from federal habeas review under <u>Stone v.</u> <u>Powell</u> unless:  1) the State provided no procedure by which the petitioner could raise his Fourth Amendment claim, or 2) the petitioner was foreclosed from using that procedure because of an unconscionable breakdown in the system.  <u>Willett</u>, 37 F.3d at 1273.

The first prong of the <u>Willett</u> test is satisfied in that the State of Missouri has a procedure by which petitioner could raise his Fourth Amendment claim.  <u>Id.</u> at 1272 (Eighth Circuit unaware of any state that does not have such a procedure).  As to the second prong, there is no evidence before the Court to show that an unconscionable breakdown in the system prevented petitioner from raising the claim.  A review of the record shows that the State provided petitioner with avenues by which to present Fourth Amendment claims and he took advantage of these opportunities to present such claims.  Prior to trial petitioner filed motions to suppress in which he sought to suppress physical evidence obtained as a result of the alleged unlawful search.  (Resp. Exh. C at 23-25, 48-50.)  A hearing was held on the motions at which evidence was adduced, and the court subsequently denied the motions.  (Resp. Exh. B-1, Exh. C at 57.)  Petitioner challenged the court's ruling on direct appeal, upon which the Missouri Court of Appeals determined the trial court not to have erred in its ruling.  (Resp. Exh. F.)  Accordingly, a review of the record shows the State to have provided petitioner the opportunity for full and fair litigation of his Fourth Amendment claim and indeed, that

petitioner availed himself of such opportunity to conclusion.

Inasmuch as petitioner has failed to demonstrate that the State did not afford him a full and fair opportunity to litigate his Fourth Amendment claim, the claim raised in Ground 1 of the instant petition is not cognizable in this habeas proceeding and should be denied.

## II.  Cognizable Claims

Petitioner's remaining claims appear to state claims that he is in custody in violation of his constitutional rights.  Such claims are cognizable and thus may be addressed by this Court.

A.  Exhaustion Analysis

A petitioner must exhaust his state law remedies before the federal court can address the merits of his claims in a habeas petition.  28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court.  Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988); see also Boerckel, 526 U.S. at 848. If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court.  Smittie, 843 F.2d at 296.  When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and

actual prejudice resulting from the alleged unconstitutional error. Coleman v. Thompson, 501 U.S. 722 (1991); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir. 1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Before reviewing any claims raised in a habeas petition, the Court may require that every ground advanced by the petitioner survive this exhaustion analysis. Rhines v. Weber, 544 U.S. 269 (2005).

A review of the record shows petitioner's remaining claims for relief to be exhausted either because petitioner has properly raised the claims in state court or has no available non-futile state remedy by which he could now pursue his claims.

B.   Procedural Default

1.   *Ground 5 - Favorable Evidence*

In Ground 5, petitioner claims that he was denied due process of law in that the State failed to disclose favorable evidence to the petitioner, and specifically, the audiotape of a 911 emergency call petitioner placed from his home at or near the time of the offense. A review of the record shows petitioner not to have raised this claim on direct appeal. (Resp. Exh. D.)

Missouri procedure requires that a claim for relief be presented at each step of the judicial process. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994). The failure to raise constitutional claims of trial error on direct appeal precludes review of such claims in any further state court proceeding and

thus results in a procedural default in the absence of rare and exceptional circumstances. Stallings v. State, 784 S.W.2d 862, 863 (Mo. Ct. App. 1990); see also Jolly, 28 F.3d at 53; Kennedy v. Delo, 959 F.2d 112 (8th Cir. 1992).

Petitioner failed to raise on direct appeal his current claim that he was denied due process at trial by the State's failure to disclose favorable evidence. As such, this claim is procedurally barred from review by this Court unless petitioner can show cause for his default and actual prejudice resulting therefrom, or demonstrate "that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 731-32, 750; Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995); Keithley, 43 F.3d at 1217. Petitioner has neither asserted nor shown cause for or prejudice as a result of his failure to properly pursue this claim in state court. Petitioner appears to invoke the "fundamental miscarriage of justice" exception, however, by claiming that no reasonable juror would have convicted him if they had been presented with the 911 tape. (See Petn., Supporting Memo. at 31-33.)[2] For the following reasons, petitioner's argument is misplaced.

"[A] claim of 'actual innocence' is . . . a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Mansfield

---

[2]Petitioner does not present the tape here as "new evidence" inasmuch as he avers that the tape has been destroyed.

v. Dormire, 202 F.3d 1018, 1024 (8th Cir. 2000). To successfully pursue a claim of actual innocence, petitioner must show 1) new reliable evidence not available at trial; and 2) that, more likely than not, no reasonable juror would have convicted petitioner in light of the new evidence. Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001). Pursuing an argument of legal innocence with no new evidence establishing *factual* innocence is insufficient to invoke the actual innocence exception. Pitts v. Norris, 85 F.3d 348, 350-51 (8th Cir. 1996). "It is evidence of <u>factual</u> innocence coupled with a constitutional violation which triggers the actual innocence exception." Id. at 350 (emphasis added).

In this cause, petitioner contends that no reasonable juror would have convicted him if the audiotape of his emergency 911 call had been played at the trial inasmuch as the jury would have "heard him frantically requesting help, describing how someone had tried to kill him[.]" (Petn., Supporting Memo. at 32.) Petitioner does not argue that the 911 tape would show his factual innocence of the crime, but rather would bolster his defense of self-defense. Indeed, at trial, the petitioner testified that he did, in fact, inflict the wounds upon the victim, but did so only in self-defense after the victim attempted to shoot him. (Resp. Exh. A-4 at 779-80, 786.) Inasmuch as petitioner's claim of actual innocence is one of legal innocence instead of factual innocence, and petitioner has presented the Court with no new reliable evidence establishing his factual innocence, he has failed to show

that a constitutional violation has probably resulted in the conviction of one who is actually innocent. See Pitts, 85 F.3d at 350-51. Therefore, the Court's refusal to entertain petitioner's procedurally defaulted claim will not result in a fundamental miscarriage of justice.

Therefore, for all of the foregoing reasons, the claim raised in Ground 5 of the instant petition is procedurally barred from review and should be denied.

2. *Grounds 3 and 4 – Assistance of Counsel*

In Ground 3, petitioner claims that trial counsel was ineffective inasmuch as counsel failed to procure critical evidence during the pretrial, investigative phase of the proceedings. In Ground 4, petitioner claims that direct appeal counsel was ineffective for failing to brief and argue on appeal that the trial court committed plain error in denying petitioner relief on his motion for speedy trial. Petitioner raised these claims in his pro se motion for post-conviction relief under Missouri Supreme Court Rule 29.15, which the motion court denied. (Resp. Exh. H.) These claims were not raised on appeal of the denial of the motion, however. (Resp. Exh. I.)

A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly, 28 F.3d at 53 (citing Benson v. State, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)). "Failure to raise a claim on appeal from the denial of a post-conviction motion erects a procedural bar to federal habeas

review." Id. (citing Gilmore v. Armontrout, 861 F.2d 1061, 1065 (8th Cir. 1988)).  Because petitioner failed to raise the claims raised in Grounds 3 and 4 of the instant petition on appeal of the denial of his post-conviction motion, the federal court cannot reach the merits of the claims absent a showing of cause and prejudice or a demonstration "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.  Petitioner has neither asserted nor shown cause for or prejudice as a result of his failure to properly pursue these claims in state court.  Nor has petitioner presented sufficient evidence of factual innocence to invoke the fundamental miscarriage of justice exception.  See discussion supra at Section II.B.1.  Instead, citing Clemmons v. Delo, 124 F.3d 944 (8th Cir. 1997), petitioner appears to argue that the claims are not procedurally barred from review inasmuch as he did all he could do to raise them before the Missouri Court of Appeals in a pro se brief.  (Petn., Supporting Memo. at 1-6.)

In Clemmons, the petitioner brought a federal habeas petition in which he raised a Brady[3] claim that the State withheld exculpatory evidence prior to his trial.  The district court determined such claim to be procedurally defaulted inasmuch as the claim was not raised on appeal of the denial of post-conviction relief.  The Eighth Circuit disagreed, finding that in the unique circumstances of the case, Clemmons had fairly presented the claim

_____

[3]Brady v. Maryland, 373 U.S. 83 (1963).

to the state courts inasmuch as he had done all that he could do to present the claim for a decision on its merits. <u>Clemmons</u>, 124 F.3d at 948. Specifically, the Eighth Circuit found that Clemmons had written to his post-conviction appellate attorney and requested that all issues be preserved on appeal and that he be kept informed; that counsel instead filed a brief without including all claims as instructed and without providing Clemmons the opportunity to review it; and that Clemmons wrote counsel and instructed him to file a supplemental brief with the additional claims, and counsel refused. Clemmons then filed a motion with the Missouri Supreme Court requesting leave to file a supplemental brief <u>pro</u> <u>se</u>, which was denied by the court without comment. <u>Id.</u> In finding these circumstances to demonstrate that Clemmons fairly presented the <u>Brady</u> claim to the state courts and not to constitute a procedural default, the Eighth Circuit stated that "Clemmons did the only thing he could do: he tried to bring the issue to the attention of the Missouri Supreme Court himself. We do not criticize that Court for refusing leave to file the supplemental brief. *Such matters are within the Court's discretion.*" <u>Id.</u> (emphasis added). The Eighth Circuit then noted:

> No rule of court or reported Missouri case of which we are aware specifies the circumstances under which Missouri appellate courts allow pro se briefs. A state procedural rule must be regularly adhered to if it is to be an adequate state ground supporting a procedural bar. <u>E.g.</u>, <u>James v. Kentucky</u>, 466 U.S. 341, 348-51 [] (1984).

> Sometimes Missouri courts allow pro se briefs, and sometimes they do not. That is their prerogative. But in the absence of regularly applied criteria, the decision not to allow such a brief cannot be said to rest on a regularly applied rule of state procedural law.

Id. at n.3.

As in Clemmons, the petitioner here wrote and requested of post-conviction counsel that the instant claims of ineffective assistance of counsel be raised on post-conviction appeal in part so that they may be preserved for further review. Counsel here did not raise such claims, however, nor was a supplemental brief submitted as requested by petitioner. Likewise, as in Clemmons, the petitioner then submitted a pro se supplemental brief to the Missouri Court of Appeals raising the additional claims, but such brief was not accepted for filing. Unlike the circumstances in Clemmons, the determination here not to accept petitioner's pro se brief was not discretionary, but rather was mandated by application of Mo. Ct. App. E. D. Rule 380(a) (1995) which states:

> In any case where a party is represented by counsel, the clerk shall not accept for filing any pro se briefs, pleadings, or other papers. In the event that such briefs, pleadings, or papers are presented for filing, the clerk shall acknowledge receipt and notify the party that such papers are not being filed. The clerk shall notify the responsible attorney of the receipt of the papers, including with the notification, copies of such papers.[4]

---

[4]Notably, Rule 380 was enacted and became effective January 1, 1995. At the time the petitioner in Clemmons submitted his pro

In addition, unlike Clemmons, at the time the petitioner in the instant cause attempted to file his pro se brief, there existed a rule which set out the specific circumstances under which pro se filings would be allowed:

> (b) The Court may accept a timely pro se motion for rehearing or application for transfer filed after a decision in a criminal appeal or a Rule 24.035 or 29.15 appeal if counsel for the party has not filed a motion for rehearing or application for transfer, any pro se motion received or accepted shall be returned in accordance with the procedure in section (a).
>
> (c) This rule shall not apply to pro se pleadings or papers directed to the court concerning counsel.

Mo. Ct. App. E. D. Rule 380(b), (c) (1995).

As such, the state court's discretionary act of accepting or denying pro se briefs, pivotal in the Eighth Circuit's determination in Clemmons, is not applicable in the instant cause of action. Indeed, in Hall v. Luebbers, 296 F.3d 685 (8th Cir. 2002), the Eighth Circuit recognized the intermediate appellate courts in Missouri to have established rules prohibiting the practice of filing pro se briefs, including Mo. Ct. App. E. D. Rule 380. Id. at 695 n.4.

Invoking the mandate of Mo. Ct. App. E. D. Rule 380, the

_____

se brief to the Missouri Supreme Court, that is, in 1990, there existed no similar rule.

- 13 -

Clerk of the Missouri Court of Appeals, Eastern Division, refused to accept petitioner's supplemental <u>pro</u> <u>se</u> brief and returned the brief to petitioner. (Petn. Exh. C.) The claims raised therein were therefore never presented to the Missouri Court of Appeals in accordance with a firmly established state procedural rule. Inasmuch as petitioner's claims were not fairly presented to the court of appeals pursuant to an independent and adequate state procedural rule, and nothing before the Court shows such rule not to be regularly adhered to, such claims are procedurally defaulted and cannot be reviewed by this Court. <u>Coleman</u>, 501 U.S. at 729-31, 750; <u>Weeks v. Bowersox</u>, 119 F.3d 1342, 1350 (8th Cir. 1997).

To the extent petitioner's petition may be construed to allege that post-conviction counsel was ineffective in failing to raise on post-conviction appeal the claims now raised in Grounds 3 and 4 of the instant petition, it is well settled that ineffective assistance of post-conviction counsel cannot constitute cause to overcome a procedural default. <u>Jolly</u>, 28 F.3d at 54.

Accordingly, for all of the foregoing reasons, the claims raised in Grounds 3 and 4 of the instant petition are procedurally barred from review and should be denied.

C.   <u>Claim Addressed on the Merits</u>

In Ground 2 of the instant petition, petitioner argues that he received ineffective assistance of trial counsel in that counsel, appointed as standby counsel, was not prepared to take over the trial when requested to do so by petitioner and the trial

court.  Petitioner raised this claim in his motion for post-conviction relief and on appeal of the denial of the motion. (Resp. Exhs. H, I.)  In a summary order, the Missouri Court of Appeals denied petitioner relief.  (Resp. Exh. L.)

Section 2254(d)(1) requires federal habeas courts to test the determinations of state courts "only against 'clearly established Federal law, as determined by the Supreme Court of the United States,'" and prohibits the issuance of a writ of habeas corpus "unless the state court's decision is 'contrary to, or involved an unreasonable application of,' that clearly established law."  Williams v. Taylor, 529 U.S. 362, 379 (2000).  The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court.  Id. at 380-83.

A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or different than the Court's conclusion on a set of materially indistinguishable facts. Williams, 529 U.S. at 412-13; Carter v. Kemna, 255 F.3d 589, 591 (8th Cir. 2001).  A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. Carter, 255 F.3d at 592 (citing Williams, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or

incorrect."  Id. (quoting Williams, 529 U.S. at 410-11).

The undersigned notes that on appeal, the Missouri Court of Appeals affirmed the trial court's denial of post-conviction relief in a cursory manner finding that an extended opinion would be of no precedential value. (Resp. Exh. L at 2.)  This Court is therefore without the benefit of any analysis by which the Missouri Court of Appeals made its determination that petitioner was not entitled to relief on the claim properly brought before it. However, the absence of any legal analysis by the state court "does not mean that [petitioner] is necessarily entitled to habeas relief[.]"  Huss v. Graves, 252 F.3d 952, 956 (8th Cir. 2001). Relief may be granted only if the decision of the state court is "substantially different" from what the decision would have been if that court had used the appropriate legal standard as established by the United States Supreme Court.  Id. (quoting Williams, 529 U.S. at 405).  As such, this Court must apply such established Supreme Court precedent to the facts of this case to determine whether petitioner is entitled to relief on his claim.  Id.

A review of the record shows that on October 1, 1999, petitioner appeared before the trial court for hearing on his motion to waive counsel and to represent himself at the trial of the cause.  (Resp. Exh. B-2.)  The court determined to grant petitioner's request but nevertheless provided that appointed counsel would be present to assist petitioner and to finish the trial in the event petitioner were to be removed for any attempt to

improperly conduct the trial proceedings. (<u>Id.</u> at 15-16.) The court then determined to continue the trial of the matter to December 1999 so as to allow standby counsel time to prepare in the event it was necessary for him to take over the case. (<u>Id.</u> at 17.)

Trial commenced in the matter on December 13, 1999. On December 15, 1999, petitioner requested that standby counsel be permitted to take over and manage the case to conclusion, to which counsel informed the court:

> I have indicated to Mr. Moore that if I were to represent him, that I would be proceeding as best I saw fit, and that he may or may [sic] have objections to how I proceed, and that I can't assure him I am going to do exactly what he wants. And the last time that I told him that he said, Well, I think I will continue pro se. So --.

(Resp. Exh. A-3 at 498.)

The court determined to permit counsel to take over the defense of the case, after which counsel then requested a continuance:

> Your Honor, at this time on behalf of Tony Moore I am asking for a continuance. I would like to file a request for continuance and request for voluntary mistrial so that I can prepare this case. Prior to this time I have had an opportunity to collect the documents and to become familiar with the case, but I haven't had sufficient time to confer with Mr. Moore about trial strategy and about preparation for this case.

(<u>Id.</u> at 502.)

Counsel then set out various circumstances which he averred prevented him from properly preparing for trial. (<u>Id.</u> at 502-05.)

- 17 -

The trial court denied the request for continuance at which time petitioner informed the court that he would continue to represent himself pro se at the trial. (Id. at 505.) Petitioner thereafter represented himself through the trial's conclusion, continuing to receive assistance from standby counsel throughout.

Petitioner now claims that he received ineffective assistance of counsel in that standby counsel was not prepared to take over the defense of the trial when requested to do so. For the following reasons, petitioner's contention fails. At the time petitioner's conviction became final, the law was clearly established that a criminal defendant has an absolute right under the Sixth Amendment to be represented by counsel or to represent himself, if he so chooses. Faretta v. California, 422 U.S. 806, 807 (1975). While it has been recognized that the State *may* appoint standby counsel, such a determination is discretionary and not a constitutional requirement. McKaskle v. Wiggins, 465 U.S. 168, 183 (1984); Faretta, 422 U.S. at 834 n.46; United States v. Einfeldt, 138 F.3d 373, 378 (8th Cir. 1998); United States v. Webster, 84 F.3d 1056, 1063 (8th Cir. 1996). A criminal defendant has no absolute right to standby counsel. Webster, 84 F.3d at 1063.

Prior to trial, petitioner made a knowing, voluntary and intelligent waiver of counsel and chose to represent himself after being specifically advised of the hazards of so doing. (Resp. Exh. B-2.) See Page v. Burger, 406 F.3d 489, 494 (8th Cir. 2005);

<u>Hamilton v. Groose</u>, 28 F.3d 859, 861 (8th Cir. 1994); <u>United States</u>
<u>v. Watson</u>, 1 F.3d 733, 734 (8th Cir. 1993).   The trial court
permitted petitioner's <u>pro</u> <u>se</u> representation but cautioned
petitioner that "if the Court believes you are knowingly attempting
to ask improper questions or do anything that does not comply with
the trial procedures required of an attorney that the Court will
not allow you to continue representing yourself in the case."
(Resp. Exh. B-2 at 10.)   Petitioner indicated that he understood.
(<u>Id.</u>)   The court appointed standby counsel and advised petitioner
of counsel's role:

> I will tell you at this time that if I find
> that you are knowingly asking improper
> questions or if you create any disturbance or
> if you in any way fail to comply with trial
> procedures and you disrupt the trial in any
> manner whatsoever, you will be removed from
> the courtroom and the trial will proceed
> against you in your absence, and that the
> trial will then be conducted by [standby
> counsel].  Do you understand that?
>
> . . .
>
> [Counsel] will be assisting you or will be
> present during the trial to assist you in this
> matter in this trial.
>
> . . .
>
> But if you are removed for any misbehavior he
> will finish the trial.

(<u>Id.</u> at 15-16.)


Petitioner indicated that he understood the court's cautions.  (<u>Id.</u>
at 16.)

At the trial, petitioner proceeded _pro se_ through two days of proceedings without incident. During the third day of trial, petitioner announced to the court that he wanted counsel "to take over from here. Because you stated if I did any misbehavior, or whatever, he was going to be able to take over." (Resp. Exh. A-3 at 499.) Inasmuch as petitioner had not engaged in any misbehavior during trial, the court asked petitioner if he intended to misbehave, to which petitioner responded negatively, stating only that he desired that a statement be admitted into evidence and that counsel would most likely be successful in doing so. (_Id._ at 499-500.) When the court granted petitioner's request for counsel to take over, counsel immediately requested a continuance on behalf of petitioner, which was denied by the court. Upon the court's denial of the continuance, petitioner again invoked his right to proceed _pro se_ and the trial continued. (_Id._ at 505.)

The right to counsel or to self-representation may not be manipulated by the defendant in order to delay or disrupt the trial. _Meyer v. Sargent_, 854 F.2d 1110, 1113 (8th Cir. 1988). Further, a criminal defendant enjoys no constitutional right to hybrid representation where, as here, the role of standby counsel changes upon the defendant's whim. _McKaskle_, 465 U.S. at 183. "A defendant does not have a constitutional right to choreograph special appearances by counsel." _Id._ A review of the record shows petitioner to have been attempting such manipulation and choreography here. After having validly waived his right to

counsel, petitioner attempted to invoke such right in an apparent attempt to obtain a continuance of the trial. Once it was learned that a continuance would not be granted in such a circumstance, petitioner determined to continue in his <u>pro</u> <u>se</u> representation. While petitioner now claims that standby counsel was ineffective for failing to be prepared to take over at the petitioner's whim, petitioner never had a constitutional right in the first instance to such hybrid representation and, as such, no constitutional right to the effective assistance of such counsel. <u>United States v. Einfeldt</u>, 138 F.3d 373, 378 (8th Cir. 1998); <u>Webster</u>, 84 F.3d at 1063; <u>United States v. Morrison</u>, 153 F.3d 34, 55 (2d Cir. 1998).

For the foregoing reasons, this Court finds the decision of the state court in denying petitioner relief on this claim of ineffective assistance of standby counsel, albeit cursory, not to be "substantially different" from what the decision would have been if that court had used the appropriate legal standard as established by the United States Supreme Court. The claim raised in Ground 2 of the instant petition should therefore be denied. <u>Huss</u>, 252 F.3d at 956.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that James Purkett, Superintendent of Eastern Reception, Diagnostic and Correctional Center, is substituted for Jennifer Sachse as proper party respondent.

**IT IS FURTHER ORDERED** that petitioner Tony E. Moore's

petition for writ of habeas corpus (Docket No. 4) is dismissed without further proceedings.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this cause inasmuch as petitioner has failed to make a substantial showing that he has been denied a constitutional right.

_____
UNITED STATES MAGISTRATE JUDGE


Dated this  _14th_  day of March, 2006.